```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
DEREK SLOANE,                              :
                                           :
                    Plaintiff,             : 01 Civ. 11551 (MBM)
                                           :
        -against-                          : OPINION AND ORDER
                                           :
THE TOWN OF GREENBURGH, THE POLICE         :
DEPARTMENT OF THE TOWN OF GREENBURGH,      :
SERGEANT JOHN WALSH, SERGEANT HAROLD YOUNG,:
CHIEF OF POLICE JOHN KAPICA, AND UNKNOWN   :
DEFENDANTS JOHN DOE I, JOHN DOE II ET SEQ.,:
                                           :
                    Defendants.            :
------------------------------------------ X
```

APPEARANCES:

STEPHEN A. MILLER, ESQ.
(Attorney for Plaintiff Derek Sloane)
370 East 76th Street, Suite C605
New York, NY 10021
(917) 432-1370

BRADLEY E. DUBIN, ESQ.
(Attorney for Defendant Harold Young)
McManus, Collura & Richter, P.C.
48 Wall Street
New York, NY 10005
(212) 425-3100

MICHAEL B. MUKASEY, U.S.D.J.

Plaintiff Derek Sloane sues the Town of Greenburgh, the Town of Greenburgh Police Department, Chief of Police John Kapica, Sergeants John Walsh and Harold Young, and "John Doe" defendants under 42 U.S.C. § 1983 and state law, accusing defendants of excessive force and denial of adequate medical care while detaining him in Greenburgh and county jails. Young moves to dismiss the complaint for failure to serve process pursuant to Fed. R. Civ. P. 12(b)(5), and as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted on the latter basis.

I.

The following facts are relevant to the present motions.

On September 27, 2000, Sloane attended a scheduled meeting with his parole officer, Daniel Whitehead, in Mount Vernon, New York. (Second Am. Compl. ¶ 15) During that meeting, Whitehead received a telephone call from members of the Greenburgh Police Department who wanted to question Sloane about a vehicle stolen in Greenburgh. (Id.; Young Mem. of Law at 3) Two Greenburgh detectives, John Dee and Hugh Gallagher, arrived and questioned Sloane about the incident. (Second Am. Compl. ¶ 17) When the detectives suggested that Sloane accompany them to

the Greenburgh Police Department, Sloane objected. (Id. ¶ 18) He was arrested and taken to the Greenburg Police Department, where he was fingerprinted and placed in a holding cell. (Id. ¶¶ 18, 21-22) Later in the evening, Greenburgh police officers asked Sloane to remove paper clips that were attached to the cuffs of his pants as well as a watch and gold bracelet. (Id. ¶ 24) He refused and a dispute ensued. (Id.) Although Sloane "at no time . . . act[ed] in a physically threatening or menacing manner," Sergeant John Walsh then sprayed his eyes with pepper spray. (Id. ¶ 25) Sergeant Harold Young was present "as support" but "did nothing to prevent or diminish the attack." (Id.)

For some period of time after this incident, Sloane "suffered a severe burning sensation in his eyes and on his face." (Id. ¶ 26) His "numerous efforts to achieve medical treatment" were "met by silence and willful disregard on the part of the officers on duty." (Id. ¶ 27) The next morning, Sloane was moved to a county jail. (Id. ¶ 28) Since then, physicians on at least two occasions have recommended that he wear eyeglasses and treat himself with eye drops. (Id. ¶¶ 29-30) He claims that because of the pepper spray "attack" and defendants' failure to provide prompt treatment, his vision is impaired. (Id. ¶ 31)

Sloane claims that "despite his best efforts to uncover the identities of all participants" in the above-described

incident, he was not aware of Young's identity when he filed his initial pro se complaint on March 13, 2001. (Sloane Opp'n at 3) That complaint contained Section 1983 claims against Greenburgh Chief of Police John Kapica, Detective John Dee, Assistant District Attorney Charles Rubinstein, and "John Doe" defendants. (Ex. B to Declaration of Stephen Miller ("Miller Decl.")) On December 18, 2001, this court directed Sloane to amend his complaint "to detail his claim regarding the attack with pepper spray" and "allege the defendants' direct or personal involvement" in the Section 1983 violations. Sloane v. Dee, No. 01-11551, slip op. at 2 (S.D.N.Y. Dec. 18, 2001). The first amended complaint, which was filed on February 5, 2002, contained Section 1983, assault, battery, and intentional infliction of emotional distress claims against the Town of Greenburgh, the Greenburgh Police Department, Kapica, Detectives Dee and Gallagher, Sergeant John Park of the Greenburgh Police Department, and Sergeant Walsh. (Ex. C to Miller Decl.) Although they were not listed in the caption, Police Officers John Neme and Steve Fulton were mentioned also in the complaint as participants in the pepper spray incident. (Id. at 4) In addition, Sloane stated that he could not "name all [the] 'John [D]oe' defendants" that were involved in the alleged pepper spray attack. (Id. at 7)

In September 2003, with the help of counsel, Sloane

determined Young's identity after viewing a surveillance videotape of the incident and consulting with defendants' counsel.  (Id.)  Defendants claim that Sloane did not request the identity of Sergeant Young until December 4, 2003.  (Young Reply at 12; Ex. I to Reply Declaration of Bradley Dubin ("Dubin Reply Decl."))

The current (second) amended complaint was filed on March 18, 2004.  Sloane sues Young and Walsh under Section 1983 for using excessive force and denying him adequate medical care (Second Am. Compl. ¶¶ 32-43), and the Town of Greenburgh, Greenburgh Police Department, and Kapica by virtue of a "direct causal link" between the officers' conduct and an "official policy, practice and/or custom [of] provid[ing] inadequate training to [Greenburgh] police officers which was indifferent to the enforcement and protection of the constitutional and statutory rights of detainees in [their] jail."  (Id. ¶¶ 60-73) He also sues Young and Walsh for assault, battery, and intentional infliction of emotional distress.

The second amended complaint has been served upon the law offices of McManus, Collura & Richter -- defendants' counsel -- who at the time of service did not represent Young.  Young himself has not been served yet with the complaint.

II.

Young argues that by March 18, 2004, the date Sloane filed the second amended complaint adding him as a defendant, the limitations period on all claims against him had elapsed. Sloane responds that the second amended complaint should relate back to his original complaint.

Where a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time-barred with respect to that defendant, and process may still issue, if it "relates back" to a timely filed complaint.[1] See Fed. R. Civ. P. 15(c). This rule allows amendments to relate back to the date of original filing for purposes of the statute of limitations in appropriate circumstances "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitation defense." Fed. R. Civ. P. 15 Advisory Committee Notes (1991).

> Rule 15(c) provides:
>
> An amendment of a pleading relates back to the date of the original pleading when
>
> . . .
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or

---

[1] Young does not dispute that Sloane's initial complaint was timely filed.

5

> attempted to be set forth in the original
> pleading, or
> (3) the amendment changes the party or the
> naming of the party against whom a claim is
> asserted if the foregoing provision (2) is
> satisfied and, within the period provided by
> Rule 4(m)[2] for service of the summons and
> complaint [i.e., 120 days], the party to be
> brought in by amendment
> (A) has received such notice of the
> institution of the action that the party will
> not be prejudiced in maintaining a defense on
> the merits, and
> (B) knew or should have known that, but for a
> mistake concerning the identity of the proper
> party, the action would have been brought
> against the party.

Fed. R. Civ. P. 15(c).

The parties have argued this issue based on New York's relation back rule, see N.Y. CPLR § 203(b); Buran v. Coupal, 87 N.Y.2d 173, 178, 638 N.Y.S.2d 405, 408 (1995), rather than its federal counterpart. N.Y. CPLR Section 203(b)(1) provides that "in an action which is commenced by service, a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with such defendant when . . . the summons is served upon the defendant." New York courts have

---

[2] Rule 4(m) provides:

> If service of the summons and complaint is not made
> upon a defendant within 120 days after the filing of
> the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss
> the action without prejudice as to that defendant or
> direct that service be effected within a specified
> time; provided that if the plaintiff shows good cause
> for the failure, the court shall extend the time for
> service for an appropriate period.

6

interpreted this provision to require that (i) the claims asserted against the new defendant arise "out of the same conduct, transaction or occurrence" as the claims asserted against defendants in the original complaint; (ii) the new defendant is "united in interest" with the original defendant such that he can be charged with notice of the original action and will not be prejudiced in maintaining a defense on its merits; and (iii) the new defendant knew or should have known that, but for a mistake by the plaintiff in naming the proper defendant, the action would have been brought against him as well. Buran, 87 N.Y.2d at 178, 638 N.Y.S.2d 405 at 408 (quoting Brock v. Bua, 83 A.D.2d 61, 69, 443 N.Y.S.2d 407, 412 (2d Dep't 1981)). Young does not dispute that the claims against him arise out of the same occurrence as the claims brought against the parties in the original complaint. Therefore, if the proposed amendment seeks to correct a "mistake" and Young had the requisite notice within the statutory period, the amendment should be allowed.

Although the New York and federal rules are similar, see Buran, 87 N.Y.2d at 179, 638 N.Y.S.2d at 409, courts in this district have applied the "unity of interest" requirement in the second prong of the New York rule because it is arguably more lenient than the parallel federal provision. See, e.g., Blakeslee v. Royal Ins. Co. of Am., No. 93-1633, 1998 WL 209623,

7

at *3 (S.D.N.Y. Apr. 29, 1998) (citing Fed. R. Civ. P. 15(c)(1) Advisory Committee Notes (1991) (directing courts to apply law, state or federal, that "affords a more forgiving principle of relation back")). However, even assuming that the New York rule applies to this case, Sloane still must demonstrate that Young knew or should have known that, but for a mistake by Sloane in originally failing to identify all the proper parties, the action would have been brought against Young as well. At least as to this third prong of the New York rule, New York's relation back law employs the same standard as the federal rule. See, e.g., Corcoran v. New York Power Auth., 935 F. Supp. 376, 393 (S.D.N.Y. 1996); Bass v. World Wrestling Fed'n Entm't, 129 F. Supp.2d 491, 508 n.13 (E.D.N.Y. 2001).

Sloane's Section 1983 claims are governed by New York's three-year statute of limitations for personal injury actions. See N.Y. CPLR § 214(2); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002), cert. denied, 538 U.S. 922 (2003); Connolly v. McCall, 254 F.3d 36, 40-41 (2d Cir. 2001). "The claim accrues when the plaintiff knows or has reason to know of the harm." Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks and citation omitted). The assault, battery, and intentional infliction of emotional distress claims are subject to New York's one-year statute of limitations for intentional torts. See N.Y. CPLR § 215(3); Ashjari v. NYNEX Corp., No. 93-

8

751, 1998 WL 699520, at *1 (S.D.N.Y. Oct. 2, 1998) (assault and battery); Smith v. Soros, No. 02-4229, 2003 WL 22097990, at *7 (S.D.N.Y. Sept. 5, 2003) (intentional infliction of emotional distress). It is undisputed that all claims began to accrue on September 27, 2000, when Sloane was "attacked" with pepper spray while detained in the Greenburgh jail.

"Even when a suit is brought by a pro se litigant, 'an amended complaint adding new defendants cannot relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (quoting Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995)); see also West v. City of New York, No. 88-1801, 1995 WL 75475, at *3 (S.D.N.Y. Feb. 22, 1995) ("mere lack of knowledge as to the identity of a potential defendant does not constitute mistake cognizable under" relation back doctrine). Such amendments do not satisfy the "mistake" requirement because they seek to "correct a lack of knowledge, rather than a mistake of fact or law." Sidney v. Wilson, No. 03-830, 2005 WL 1500869, at *3 (S.D.N.Y. June 24, 2005) (quoting Vineyard v. County of Nassau, 329 F. Supp.2d 364, 369 (E.D.N.Y. 2004)); see also Fed. R. Civ. P. 15(c)(3) Advisory Committee Notes (1991) ("mistake" provision addresses "the problem of the misnamed defendant").

In Barrow, the Second Circuit held that a "mistake" in

9

identifying a defendant occurs for purposes of the relation back rule when it is the result of "misnomer or misidentification," or when a plaintiff omits the individual defendant altogether in the erroneous belief that suing a government department will suffice. 66 F.3d at 469. However, the Court stated that "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Id. at 470. The relation back rule did not apply in Barrow because, after having been directed by the district court to name the individual officers whom he accused of violating his rights under Section 1983, the plaintiff filed an amended complaint in which he identified these defendants only as John Doe, and then amended his complaint again to name the actual officers almost two years after the statute of limitations had run. See id. Under these circumstances, the Court held, there was no "mistake" within the meaning of Rule 15(c); the amendment of a complaint replacing "John Doe" defendants with real persons must be made before the expiration of the limitations period. Id.; see also Malesko v. Corr. Servs. Corp., 229 F.3d 374, 383 (2d Cir. 2000) ("A plaintiff is not considered to have made . . . a 'mistake,' however, if the plaintiff knew that he was required to name an individual as a defendant but did not do so because he did not know the individual's identity.").

In this case, Sloane did not make a legal or factual

mistake.  For example, he did not neglect to include an individual defendant based on the misconception that he was not required to do so.  Indeed, without prompting, he included an individual "John Doe" defendant in both of his pro se complaints and sought the identities of other police officers, including Walsh, allegedly involved in the pepper spray incident.  Also, he was directed by this court to identify individual defendants and their "direct or personal involvement" in the alleged deprivations.  Nor did Sloane mistakenly name a different police officer than Young.  There is no dispute that the reason Sloane did not name Young is that he did not know his identity.  This, standing alone, cannot support application of the relation back rule as to any of his claims against Young.  See Barrow, 66 F.3d at 470.

Moreover, at least as to his Section 1983 claims, Sloane knew or should have known Young's identity through disclosures made by defendants well before the limitations period expired.  First, in April 2003, defendants provided as part of discovery (i) an "incident form" submitted by Walsh that named Young as a "person involved" in the incident at the Greenburgh jail, and (ii) a Greenburgh Police Department Supervisor's Report submitted by Walsh that again names Young as "present when Derek Sloane was sprayed."  (Ex. C to Dubin Reply Decl.)  In June 2003, defendants provided a copy of the surveillance tape showing the

11

pepper spray incident.  (Exs. A and E to Dubin Reply Decl.; Young Reply at 20)

Counsel for Sloane has described how, once he became involved in September 2003, he was able to identify Young. No allegation has been made that defendants hindered this effort in any way. The problem is that by the time Sloane's counsel appeared in this action, only a few weeks remained in the limitations period applicable to Sloane's Section 1983 claims; the limitations periods as to his state law claims had expired long before. Nor has any evidence been offered as to efforts by Sloane himself to identify Young before September 2003, particularly after defendants provided him with police reports mentioning Young specifically as an officer present during the pepper spray incident.  Sloane's "diligent efforts to discover the names" of other defendants named in his pro se complaints shed no light on his failure to add Young as a defendant before the expiration of the statutes of limitations. Whether under Rule 15(c) or the New York rule, such a failure precludes application of the relation back rule. See Barrow, 66 F.3d at 469-70; Opiela v. May Indus. Corp., 10 A.D.3d 340, 341, 781 N.Y.S.2d 353 (1st Dep't 2004); Porter v. Kingsbridge OB/GYN Assoc., P.C., 209 A.D.2d 497, 618 N.Y.S.2d 837 (2d Dep't 1994).

* * *

For the reasons set forth above, Young's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

SO ORDERED:

Dated: New York, New York
July 27, 2005

Michael B. Mukasey
U.S. District Judge